## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Nico Redding, | No. 21-cv-1930 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, et al., | |
| Defendants. | |

On April 25, 2022, Plaintiff Nico Redding filed a Motion for Summary Judgment and a supporting Memorandum seeking judgment in his favor on the merits of his underlying claims. [ECF Nos. 87–88]. On May 20, 2022, United States Magistrate Judge Leo I. Brisbois found that Mr. Redding's summary judgment motion was procedurally premature because two distinct groups of Defendants had filed motions arguing that Mr. Redding failed to properly exhaust his administrative remedies prior to filing this lawsuit. [ECF No. 95]. This matter is now before this Court on Mr. Redding's recently filed "Pro Se Motion in Objection to the Magistrates Report and Recommendation and Request for the District Court Judge to Review the Stricken Motions All Other Documentation Submitted to the Court by Plaintiff." [ECF No. 96]. For ease of reference, the Court will refer to this document as Mr. Redding's Objection.

Under Federal Rule of Civil Procedure 72, a party may serve and file objections to a magistrate judge's written order on a matter that is not dispositive of a party's claim or defense within 14 days after being served with a copy of that order. Fed. R. Civ. P. 72(a).

1

A district judge is required to consider timely objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Rule 72 also establishes a procedure for a party to file objections to a magistrate judge's recommended disposition of a matter that is dispositive of a party's claim or defense. Fed. R. Civ. P. 72(b). If a party timely objects to a magistrate judge's recommendation, the district court reviews the portion of the recommended disposition de novo. *Id.*

For the reasons that follow, Mr. Redding's Objection is overruled, and Magistrate Judge Brisbois's May 20th Order is affirmed. First, the Court finds that the Order is subject to review under Rule 72(a), and Judge Brisbois's decision is neither clearly erroneous nor contrary to law. Although Mr. Redding refers to Judge Brisbois's May 20th Order as a "Report and Recommendation" in the title of his Objection, the Order does not provide any recommended disposition of the merits of any claim or defense.

Second, and more importantly, this Court finds that Judge Brisbois properly evaluated the circumstances of this case and made a case-management decision that resolution of the exhaustion issues should be addressed before consideration of the merits of Mr. Redding's lawsuit. Mr. Redding states that he filed his summary judgment motion after he responded to the pending defense motion and that he is a non-attorney who is litigating this case himself, "so he does not understand what procedure the magistrate court is referring to." He also indicates that the conditions at the facility where he is confined make it difficult to work on his case. [ECF No. 96]. Civil litigation in federal court is full of procedural quirks that can be challenging for any non-lawyer to navigate, and the Court has no doubt that prison conditions during the ongoing concerns over the

spread of COVID can make litigation for incarcerated persons representing themselves more challenging still. However, these realities do not demonstrate that Judge Brisbois's May 20th Order should be overturned. And as the Court explains below, that Order leaves open the possibility for Mr. Redding to renew his own request for summary judgment in his own favor at a more appropriate time.

Judge Brisbois pointed out that there is a federal law which requires an incarcerated person, like Mr. Redding, to exhaust available administrative remedies before bringing a civil action regarding the conditions of his confinement. [ECF No. 95 at 2–3 (citing 42 U.S.C. § 1997e(a))]. Because the motion to dismiss filed by the Centurion Defendants and the motion for summary judgment filed by the DOC Defendants both assert that Mr. Redding did not exhaust his administrative remedies before he filed this case, Judge Brisbois properly found that it was premature to reach the merits of Mr. Redding's underlying claims until the exhaustion issue is resolved. If the Defendants are ultimately unsuccessful in demonstrating that Mr. Redding has failed to exhaust available administrative remedies, then the litigation regarding the merits of his claims will proceed. Nothing in Judge Brisbois's Order prevents Mr. Redding from later seeking summary judgment on the merits of his own claims. Accordingly, the May 20th Order [ECF No. 95] is **AFFIRMED** and the Objection [ECF No. 96] is **OVERRULED**.

Finally, in his Objection, Mr. Redding requests that this Court appoint counsel. [ECF No. 96]. At this time, Mr. Redding's request is denied without prejudice. There is no constitutional or statutory right to appointed counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). Instead, a court "may request an attorney to represent

any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Factors to consider in deciding whether to recruit counsel include the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Though sympathetic to the circumstances facing Mr. Redding, the Court concludes that the relevant factors weigh against recruiting counsel in this proceeding. The legal and factual issues are not terribly complex, there is no conflicting testimony at this stage where the skilled questioning of counsel may be needed, there is no indication that Mr. Redding is unable to investigate the facts, and he has demonstrated himself to be capable of presenting his claims and communicating effectively with the Court.

Date: **June 27, 2022**                                     *s/ Katherine M. Menendez*
                                                          Katherine M. Menendez
                                                          United States District Judge