UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nico Redding, | Case No. 21-cv-1930 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Nico Redding's application to proceed *in forma pauperis* ("IFP") on appeal. [ECF No. 101]. On July 5, 2022, Mr. Redding filed a Notice of Interlocutory Appeal to the United States Court of Appeals for the Eighth Circuit from an Order issued by United States Magistrate Judge Leo I. Brisbois on May 20, 2022. [ECF No. 100]. This Court affirmed the May 20th Order on June 27, 2022. [ECF No. 97]. These Orders struck Mr. Redding's motion for summary judgment as premature, and Mr. Redding was advised that he would have leave to refile the motion directed at the merits of his claim if his case survived the Defendants' motions for summary judgment on the issue of exhaustion of remedies under the PLRA.

A litigant who seeks to be excused from paying the $505 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status may be denied when the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To

1

determine whether an appeal is taken in good faith, courts consider whether the claims to be decided on appeal are factually frivolous, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962), which is the case when an appeal "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Having reviewed the representations in Mr. Redding's application to proceed IFP on appeal, the Court finds that he is financially eligible for IFP status on appeal.[1] Further, although the Court finds the May 20th and June 27th Orders were proper, his claims do not appear to be legally or factually frivolous. Therefore, Mr. Redding's appeal is found to be taken "in good faith" for purposes of Fed. R. App. P. 24(a)(3), and his IFP application is granted.

Notwithstanding the foregoing conclusion, the Court will not stay this action pending the Eighth Circuit's decision regarding Mr. Redding's appeal because the Orders for which he seeks review are plainly not appealable at this time. Federal appellate courts have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. At this time, the Court has not entered any final order or directed entry of judgment on any claims. Nor has the Court certified an interlocutory appeal under 28 U.S.C. § 1292(b). Accordingly, it is very likely that the court of appeals will determine

---

[1] The Court also notes that Mr. Redding was granted permission to proceed IFP in District Court when he filed this action. [ECF No. 11]. "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless" the district court certifies, with explanation, that the appeal is not taken in good faith or that the party is not otherwise entitled to IFP status. Fed. R. App. P. 24(a)(3)(A).

that it lacks jurisdiction and dismiss Mr. Redding's appeal. Given that likely result, this case should continue being litigated while the appeal is pending.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's application to proceed *in forma pauperis* on appeal [ECF No. 101] is **GRANTED**.

Date: July 6, 2022

                                       *s/Katherine Menendez*
                                       Katherine Menendez
                                       United States District Judge