UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nico Redding, | Case No. 21-cv-1930 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, et al., | |
| Defendants. | |

In an Order dated July 6, 2022, this Court granted Nico Redding's motion to proceed *in forma pauperis* ("IFP") on appeal. [ECF No. 103]. The Eighth Circuit has now dismissed Mr. Redding's appeal and remanded the case with instructions for this Court to calculate and collect plaintiff's appellate filing fees in accordance with *Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997). [ECF No. 107].[1]

Because he is in prison, being granted IFP status does not relieve Mr. Redding of the obligation to pay the $505 appellate filing fee, which was required to be assessed when he filed his notice of appeal. *Henderson*, 129 F.3d at 483–85; *see* 28 U.S.C. § 1915(b). However, the Order granting IFP allows Mr. Redding to pay the filing fee in installments, pursuant to a schedule set by 28 U.S.C. § 1915(b). *See Henderson*, 129 F.3d at 483–84. If Mr. Redding has sufficient means, he must make an initial partial payment toward the filing fee. *Id.*; 28 U.S.C. § 1915(b)(1). Mr. Redding is required to pay the

---

[1] Because the appeal has been dismissed, Mr. Redding's motions concerning the record on appeal will be denied as moot. [ECF Nos. 98–99].

remaining balance through periodic deductions from his prison trust account. *See Henderson*, 129 F.3d at 483–84; 28 U.S.C. § 1915(b)(2). And these payments are due despite the outcome of his appeal. *Henderson*, 129 F.3d at 484.

Although Mr. Redding submitted information indicating that he is financially eligible for IFP status for his now-dismissed appeal, he did not submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of the notice of appeal. 28 U.S.C. § 1915(a)(2). As a result, the Court is unable to calculate his filing fee according to the usual formula. 28 U.S.C. § 1915(b)(1) (requiring an initial partial filing fee of "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal."). According to *Henderson*, "[i]f the district court does not receive a certified copy of the prisoner's prison account within 30 days of the notice of appeal, it shall calculate the initial appellate partial filing fee at $35 or such other reasonable amount warranted by available information." 129 F.3d at 485.

Mr. Redding filed his application for IFP status on appeal on July 5, 2022, so this case is still within the 30-day window established by *Henderson* for the initial partial filing fee to be calculated based on a percentage of the average monthly deposits or average monthly balance for the relevant 6-month period prior to the submission of the notice of appeal. Accordingly, applying *Henderson* to the unique circumstances here, Mr. Redding is required to submit a certified copy of his prison trust account statement for the 6-month period immediately preceding July 5, 2022. Redding must file the

2

certified copy of the trust account statement within 21 days of the date of this Order. If no certified copy of Mr. Redding's trust account statement is received within that 21-day period, the Court will calculate the initial partial filing fee, as required by *Henderson*, at $35 or another reasonable amount warranted by the available information.

Accordingly, based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. **Within 21 days of the date of this Order**, Mr. Redding shall file a certified copy of his prison trust account statement for the 6-month period immediately prior to July 5, 2022.

2. Mr. Redding's motions concerning the record on appeal [ECF No. 98, 99] are **DENIED AS MOOT**.

Date: July 18, 2022

                                          *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Judge