UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nico Redding, | Case No. 21-cv-1930 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Nico Redding's Objection [ECF No. 117] to the July 22, 2022 Report and Recommendation ("R&R"), issued by Magistrate Judge Leo I. Brisbois. The R&R concludes that Mr. Redding's claims should be dismissed without prejudice for failure to exhaust administrative remedies.[1] [ECF No. 112]. The Defendants have responded to Mr. Redding's Objection, arguing that the R&R should be adopted. [ECF No. 120, 122].

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949

---

[1] The R&R recommends that the Defendants' underlying motions for summary judgment and dismissal be denied to the extent they seek dismissal *with* prejudice. No party has objected to this aspect of the R&R and the Court finds the recommended disposition of the motions to be appropriate under the circumstances.

1

(D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Applying these standards, the Court concludes that the Magistrate Judge's R&R contains no error, clear or otherwise.

The R&R contains a thorough and accurate recitation of the factual record, and rather than repeat it here in detail, the Court provides only the following background for context. Mr. Redding is incarcerated at the Minnesota Correctional Facility located in Stillwater, Minnesota ("MCF Stillwater"). He filed this suit against a number of Minnesota Department of Corrections officials (the "DOC Defendants") and Centurion of Minnesota, LLC, regarding conditions in the prison, essentially claiming that the Defendants inadequately responded to the COVID-19 pandemic in myriad ways. Because Mr. Redding is a prisoner and his suit under 42 U.S.C. § 1983 concerns prison conditions, he was required to exhaust any available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). The Defendants sought to have Mr. Redding's claims dismissed because he failed to meet the exhaustion requirement, and Magistrate Judge Brisbois agreed.

Mr. Redding does not assert that he followed the DOC's multi-step grievance procedure, which is set forth in DOC Policy 303.100. [Objections, ECF No. 117 at 1–2; R&R, ECF No. 112 at 10]. In response to the Defendants' arguments that he failed to

2

exhaust his claims, Mr. Redding asserted that he was not required to follow the ordinary procedure; instead, he claimed he was entitled to take his grievance straight to the DOC's central office pursuant to an exception applicable in cases involving threats to an inmate's physical safety, or for inmates who can establish that they would be in danger if their complaints were known at the facility. [R&R, ECF No. 112 at 10]. The R&R concluded that this exception was inapplicable to Mr. Redding's claims related to MCF Stillwater's and Centurion's response to the COVID-19 pandemic. [*Id.* at 10–11 (citing DOC Policy 303.100(C)(2)(b) and *Bailey v. Minn. Dep't of Corr.*, No. 21-cv-1927 (PAM/BRT), Doc. No. 69 (D. Minn. May 18, 2022))].

Having found the procedure identified by Mr. Redding to be inapplicable, Judge Brisbois found that Mr. Redding was required to demonstrate that he was relieved of the obligation to exhaust because the administrative remedies were unavailable under the exceptions recognized in *Ross v. Blake*, 578 U.S. 632 (2016). [R&R, ECF No. 112 at 11]. Judge Brisbois concluded that Mr. Redding had not "presented any evidence upon which this Court could make the reasonable inference that any of the *Ross* exceptions apply in the present case." [*Id.* at 11–12]. Mr. Redding objects to this aspect of the R&R.

Mr. Redding argues that the R&R erred in concluding that he failed to establish *Ross*'s so-called "dead end" exception. [Objection, ECF No. 117 at 2]. He asserts that this is so because the Magistrate Judge interpreted DOC Policy 303.100(C)(2)(b) to apply only to prisoners whose physical safety is threatened or who would be in danger if they

followed the ordinary grievance process. [Objection, ECF No. 117 at 2]. Mr. Redding succinctly and clearly states his position as follows:

> Since the Minnesota Department of Corrections D.O.C. policy for accelerated review of serious dangerous threatening issues did not and does not include review of a dangerous, serious risks and/or life threatening COVID 19 disease infection, contamination, as a matter of law Plaintiff was not required to exhaust policy (and/or) the COVID issue is deemed exhausted.

[Objection, ECF No. 117 at 1].

Unfortunately for Mr. Redding, this is not a case where the administrative remedies are deemed unavailable pursuant to the "dead end" exception in *Ross*. The *Ross* Court identified three situations in which an administrative remedy is deemed "unavailable," including where the procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."[2] 578 U.S. at 643. The Court clarified that "[w]hen the facts on the ground demonstrate that no such potential [for relief] exists, the inmate has no obligation to exhaust the remedy." *Id.*

---

[2] The other circumstances identified in *Ross* where administrative remedies are deemed unavailable are when the process is "so opaque that it becomes, practically speaking, incapable of use," and when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 578 U.S. at 634–44.

4

Moreover, the *Ross* Court provided two examples of how an administrative procedure may operate as a simple dead end:

> Suppose, for example, that a prison handbook directs inmates to submit their grievances to a particular administrative office—but in practice that office disclaims the capacity to consider those petitions. The procedure is not then "capable of use" for the pertinent purpose. . . . So too if administrative officials have apparent authority, but decline ever to exercise it.

*Id.* (cleaned up).

This case is not like one of the *Ross* Court's examples, nor otherwise one in which the grievance procedure has been shown to be a dead end. Here, Mr. Redding suggests that there is a barrier to his ability to pursue any administrative remedy because the DOC policy that allows an inmate to skip the kite and grievance steps at the institutional level does not apply. But Mr. Redding is not without an "available" administrative remedy simply because he would prefer to use the inapplicable policy that allows some issues to be grieved straight to the central office. Though he cannot take advantage of the expedited process, he makes no showing that the ordinary procedure could not be used. In addition, it is noteworthy that Mr. Redding has not challenged the R&R's conclusion, which this Court finds to be well supported by the record, that Mr. Redding did not present evidence to show that the "dead end" exception applies. For example, Mr. Redding points to nothing in the record to suggest this is a case where the prison officials are "consistently unwilling to provide any relief

5

to aggrieved inmates." *Ross*, 578 U.S. 643. In short, there is no basis in the record on which we could conclude that the ordinary procedure would not have been "capable of use" by Mr. Redding under the circumstances of this case.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation [ECF No. 112] is **ACCEPTED**;

2. Plaintiff's Objections [ECF No. 117] are **OVERRULED**;

3. Defendant Centurion's Motion to Dismiss [ECF No. 69] is **GRANTED IN PART and DENIED IN PART**;

4. The DOC Defendants' Motion for Summary Judgment [ECF No. 75] is **GRANTED IN PART and DENIED IN PART**; and

5. This action is **DISMISSED WITHOUT PREJUDICE**.

Let Judgment be entered accordingly.

Date: September 21, 2022

                                                  *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States District Judge